Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

     -v.-

XUJIA WANG,
    a/k/a "Jennifer Wang,"  :  INFORMATION
RUOPIAN CHEN,
    a/k/a "Rubin Chen,"  :  07 CRIM 730

       Defendants.

- - - - - - - - - - - - - - - - - - - -x

## COUNT ONE

(Conspiracy to Commit Securities Fraud)

The Grand Jury charges:

### Relevant Entities and Individuals

1.    At all relevant times, Morgan Stanley and Co. Inc. ("Morgan Stanley") was an international financial services firm located in New York, New York. A significant portion of Morgan Stanley's business was devoted to advising corporations on various financings and business related transactions.

2.    At all relevant times, XUJIA WANG, a/k/a "Jennifer Wang," the defendant, was employed by Morgan Stanley as a vice-president in the valuation review group in the finance department. In her position, WANG had access to confidential information regarding Morgan Stanley clients' potential merger and acquisition activity.

3. At all relevant times, XUJIA WANG, a/k/a "Jennifer Wang," was married to RUOPIAN CHEN, a/k/a "Rubin Chen," the defendant.

4. At all relevant times, RUOPIAN CHEN, a/k/a "Rubin Chen," the defendant, was employed by another firm as a vice-president and senior analyst who managed investments of hedge funds in the Fund of Funds department. At all relevant times, CHEN did not conduct business with Morgan Stanley.

### Morgan Stanley's Confidentiality Policy

5. At all relevant times, Morgan Stanley established and distributed to its employees written policy statements regarding each employee's duties to maintain in strict confidence information concerning Morgan Stanley's clients. At all relevant times, Morgan Stanley owed a duty to its clients to maintain the confidentiality of information that its clients provided to Morgan Stanley.

6. At all relevant times, XUJIA WANG, a/k/a "Jennifer Wang," the defendant, owed fiduciary and other duties of trust and confidence to both Morgan Stanley and its clients which required that, among other things, she maintain the confidentiality of all material, nonpublic information entrusted to Morgan Stanley by its clients, and all other confidential information that WANG learned while employed at Morgan Stanley.

7.   At all relevant times, XUJIA WANG, a/k/a "Jennifer Wang," the defendant, was prohibited by Morgan Stanley policy from using any confidential information obtained during her employment at Morgan Stanley for her own direct or indirect financial benefit, from using that information, directly or indirectly, in connection with the purchase or sale of any security, and when trading in her account or someone else's account.  WANG signed a document dated August 4, 2005 in which she specifically acknowledged her understanding of various Morgan Stanley policies and her obligation to comport with these policies as a Morgan Stanley employee.  Specifically, WANG acknowledged that she "will abide by Morgan Stanley policies including the Code of Conduct, the Code of Business Ethics, the Non-Discrimination and Anti-Harassment Policy and other policies pertaining to [her] employment."

8.   Morgan Stanley's Code of Conduct for its securities and investment management businesses stated that employees "may never, under any circumstances trade, encourage others to trade, or recommend securities or other financial instruments based on, and in some circumstances, while in the possession of, inside information."  The Code of Conduct defined "inside information" as "all non-public information about the Firm or its clients or counterparties that may have a significant impact on the price of a security or other financial investment, or that a reasonable

investor would be likely to consider important in making an investment decision." The Code of Conduct warned employees that "[t]he misuse of inside information may result in disciplinary action by the Firm, up to and including termination of your employment, and civil and criminal penalties."

### Morgan Stanley's Employee Trading Policy

9. At all relevant times, Morgan Stanley's Code of Conduct and Employee Trading Policy required its employees to disclose any account owned or controlled, partially or wholly, directly or indirectly, by its employees for purposes of trading securities or other financial instruments. In general, Morgan Stanley required its employees to maintain all accounts at the company, other than money market and open-end mutual fund accounts that could not be used as brokerage accounts. Exceptions were granted only by the express prior written approval of the compliance department and the employee's business unit.

10. In or about February 2004, XUJIA WANG, a/k/a "Jennifer Wang," and RUOPIAN CHEN, a/k/a "Rubin Chen," opened an international brokerage account at Scottrade Financial Services in the name of WANG's mother, "Zhiling Feng." At all relevant times, neither WANG nor CHEN disclosed the existence of this account to their respective employers.

11. In or about May 2006, XUJIA WANG, a/k/a "Jennifer Wang," and RUOPIAN CHEN, a/k/a "Rubin Chen," opened a brokerage

4

account at Interactive Brokers in the name of WANG's mother, "Zhiling Feng." WANG and CHEN then transferred the money from the Zhiling Feng account at Scottrade Financial Services to their Zhiling Feng account at Interactive Brokers. At all relevant times, neither WANG nor CHEN disclosed the existence of this account to their respective employers.

### The Insider Trading Scheme

12. At various times relevant to this Information, Morgan Stanley provided financial services and investment banking advice and services to Morgan Stanley clients in connection with potential and actual corporate merger and acquisition transactions described below (the "Morgan Stanley Deals"). In the course of that work, Morgan Stanley personnel, including XUJIA WANG, a/k/a "Jennifer Wang," the defendant, had access to material, non-public information concerning the Morgan Stanley Deals listed below:

| MORGAN STANLEY CLIENT | COUNTER PARTY | TRANSACTION | DATE OF PUBLIC ANNOUNCEMENT |
|---|---|---|---|
| Morgan Stanley Real Estate ("MSRE") and Onex Real Estate | Town and Country Trust ("TCT") | MSRE and Onex Real Estate offer to acquire TCT | 12/19/05 |
| MSRE | Glenborough Real Estate Trust ("Glenborough") | MSRE offer to acquire Glenborough | 8/21/06 |

| A Hedge Fund | Genesis Health Care ("Genesis") | A hedge fund consulted Morgan Stanley about a potential acquisition of Genesis. Subsequently, Formation Capital LLC and JER Partners offer to acquire Genesis. | 1/16/07 |

13. From in or about December 2005 through in or about January 2007, XUJIA WANG, a/k/a "Jennifer Wang," and RUOPIAN CHEN, a/k/a "Rubin Chen," the defendants, and others, known and unknown, participated in a scheme to defraud by executing securities transactions based on material, nonpublic information regarding forthcoming announcements relating to the Morgan Stanley Deals listed in paragraph 12 above. WANG regularly and repeatedly provided CHEN with material non-public information regarding the Morgan Stanley Deals (the "Morgan Stanley Inside Information") in violation of (a) the fiduciary and other duties of trust and confidence owed by WANG to Morgan Stanley and its clients, (b) the expectations of confidentiality of the Morgan Stanley clients; and (c) Morgan Stanley's written policies regarding the use and safekeeping of confidential and material, non-public information.

14. Based on the Morgan Stanley Inside Information, RUOPIAN CHEN, a/k/a "Rubin Chen," traded in the securities of the company to be acquired in the Zhiling Feng accounts at Scottrade

6

Financial Services and later Interactive Brokers prior to the public announcement of the acquisition or merger. As a result of the trading based on the Morgan Stanley Inside Information, XUJIA WANG, a/k/a "Jennifer Wang," and CHEN earned hundreds of thousands of dollars in unlawful profits.

### The Conspiracy

15. From at least in or about December 2005 up to and including in or about January 2007, in the Southern District of New York and elsewhere, XUJIA WANG, a/k/a "Jennifer Wang, and RUOPIAN CHEN, a/k/a "Rubin Chen," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

### Object of the Conspiracy

### Securities Fraud

16. It was a part and object of the conspiracy that XUJIA WANG, a/k/a "Jennifer Wang, and RUOPIAN CHEN, a/k/a "Rubin Chen," the defendants, and others known and unknown, unlawfully, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, would

and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon the purchaser and seller, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

### Means and Methods of the Conspiracy

17.  Among the means and methods by which XUJIA WANG, a/k/a "Jennifer Wang, and RUOPIAN CHEN, a/k/a "Rubin Chen," the defendants, and others known and unknown, would and did carry out the conspiracy were the following:

   a.  During her employment at Morgan Stanley, WANG obtained the Morgan Stanley Inside Information.

   b.  WANG provided the Morgan Stanley Inside Information to CHEN.

   c.  CHEN executed profitable securities transactions in the Zhiling Feng accounts at Scottrade Financial

Services and Interactive Brokers based on the Morgan Stanley Inside Information.

## Overt Acts

18.　In furtherance of the conspiracy and to effect the illegal object thereof, XUJIA WANG, a/k/a "Jennifer Wang, and RUOPIAN CHEN, a/k/a "Rubin Chen," the defendants, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

　　　　a.　In or about December 2005, in New York, New York, WANG obtained Morgan Stanley Inside Information regarding TCT.

　　　　b.　In or about December 2005, WANG provided the Morgan Stanley Inside Information relating to TCT to CHEN.

　　　　c.　In or about December 2005, based on the Morgan Stanley Inside Information, CHEN purchased and then sold TCT securities.

　　　　d.　In or about January 2006, in New York, New York, WANG obtained Morgan Stanley Inside Information regarding TCT.

　　　　e.　In or about January 2006, WANG provided the Morgan Stanley Inside Information relating to TCT to CHEN.

　　　　f.　In or about January 2006, based on the Morgan Stanley Inside Information, CHEN purchased and then sold TCT securities.

      g.    In or about August 2006, in New York, New York, WANG obtained Morgan Stanley Inside Information regarding Glenborough.

      h.    In or about August 2006, WANG provided the Morgan Stanley Inside Information relating to Glenborough to CHEN.

      i.    In or about August 2006, based on the Morgan Stanley Inside Information, CHEN purchased and then sold Glenborough securities.

      j.    In or about December 2006, in New York, New York, WANG obtained Morgan Stanley Inside Information regarding Genesis.

      k.    In or about December 2006, WANG provided the Morgan Stanley Inside Information relating to Genesis to CHEN.

      l.    In or about December 2006, based on the Morgan Stanley Inside Information, CHEN purchased call options of Genesis.

(Title 18, United States Code, Section 371.)

## COUNTS TWO THROUGH FOUR

(Insider Trading)

The Grand Jury further charges:

19. The allegations contained in paragraphs 1 through 14, 17, and 18 are repeated and realleged as though fully set forth herein.

20.  On or about the dates set forth below, in the Southern District of New York and elsewhere, XUJIA WANG, a/k/a "Jennifer Wang, and RUOPIAN CHEN, a/k/a "Rubin Chen," the defendants, unlawfully, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, CHEN executed the securities transactions listed below based on material, nonpublic information he obtained from WANG:

| COUNT | DATES | SECURITY | TRANSACTION |
|---|---|---|---|
| TWO | December 8, 2005 through January 27, 2006 | TCT | purchased approximately 5,000 shares |
| THREE | August 16, 2006 through August 18, 2006 | Glenborough | purchased approximately 8,400 shares |

11

| FOUR | December 29, 2006 through January 9, 2006 | Genesis | purchased approximately 570 call options |

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Sections 240.10b-5 and
240.10b5-2, and Title 18, United States Code, Section 2).

### FORFEITURE ALLEGATION

21. As a result of committing one or more of the foregoing securities fraud offenses, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Section 371; and Title 17, Code of Federal Regulations, Section 240.10b-5 and 10b5-2, as alleged in Counts One through Four of this Information, XUJIA WANG, a/k/a "Jennifer Wang, and RUOPIAN CHEN, a/k/a "Rubin Chen," the defendants, shall forfeit to the Untied States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities fraud offenses.

### Substitute Assets Provision

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (i)    cannot be located upon the exercise of due diligence;

    (ii)    has been transferred or sold to, or deposited

      with, a third party;

 (iii)  has been placed beyond the jurisdiction of the court;

 (iv)  has been substantially diminished in value; or

 (v)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

  (Title 15, United States Code, Sections 78j(b), 78ff;
  Title 18, United States Code, Sections 371 and 981;
  Title 21, United States Code, Section 853(p);
  Title 28, United States Code, Section 2461;
  and Title 17, Code of Federal Regulations,
  Sections 240.10b-5 and 240.10b5-2.)

         _____
         MICHAEL J. GARCIA
         United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

XUJIA WANG,
a/k/a "Jennifer Wang,
RUOPIAN CHEN,
a/k/a "Rubin Chen,"

**Defendants.**

**INFORMATION**

07 Cr.

(Title 18, United States Code, Section
371; Title 15, United States Code,
Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations,
Sections 240.10b-5 and 240.10b5-2, and
Title 18, United States Code, Section 2)

MICHAEL J. GARCIA
United States Attorney.