UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v. - | : |
| JENNIFER XUJIA WANG, and RUOPIAN CHEN, | :  07 Cr. 730 (CM) |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SENTENCING MEMORANDUM**

                                              MICHAEL J. GARCIA
                                              United States Attorney for the
                                              Southern District of New York
                                              Attorney for the United States
                                                   of America

                                              December 3, 2007

Reed Michael Brodsky
Assistant United States Attorney,
      Of Counsel.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v. - | : |
| JENNIFER XUJIA WANG, and RUOPIAN CHEN, | :    07 Cr. 730 (CM) |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SENTENCING MEMORANDUM

      The Government respectfully submits this sentencing memorandum in advance of the sentencings scheduled for the defendants Jennifer Xujia Wang and Ruopian Chen.  As reflected in the sentencing submissions of the defendants, counsel for Mr. Chen seeks a sentence of 30-months at the low-end of the Sentencing Guidelines range for trading based on the material, nonpublic information, provided by his wife, Ms. Wang, in connection with the purchases and sales of the stocks of Town and Country Trust, Glenborough Real Estate Trust, and Genesis Health Care.  Counsel for Ms. Wang seeks a sentence of probation as a result of Ms. Wang's unlawful conduct of stealing material, confidential, and proprietary information of Morgan Stanley and its clients, and providing that information to her husband Mr. Chen so that trades could be made in advance of public news and substantial profits could be made.  Under the plea agreements for the defendants, the Sentencing Guidelines range of 30 to 37 months is reasonable, and the Government asks the Court to sentence the defendants accordingly.

## DISCUSSION

**A.     Procedure for Determining the Sentences for Wang and Chen**

While the Guidelines no longer play a mandatory role at sentencing, they nevertheless continue to play a critical role in trying to achieve the "basic aim" that Congress tried to meet in enacting the Sentencing Reform Act, namely, "ensuring similar sentences for those who have committed similar crimes in similar ways." *United States* v. *Booker*, 125 S. Ct. 738, 760 (2005). In furtherance of that goal, judges are required to "consider the Guidelines 'sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant,' § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7) (main ed. and Supp. 2004)." *Id.* at 764.

In sentencing defendants, district courts should consider the factors set forth in 18 U.S.C. § 3553(a). This provision provides that the sentencing "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and then sets forth seven specific considerations:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed—

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B)    to afford adequate deterrence to criminal conduct;
        (C)    to protect the public from further crimes of the defendant;
        (D)    to provide the defendant with needed

|     |     |
| --- | --- |
|     | educational or vocational training, medical care, or other correctional treatment in the most effect manner; |
| (3) | the kinds of sentences available; |
| (4) | the kinds of sentence and the sentencing range established [in the Sentencing Guidelines]; |
| (5) | any pertinent policy statement [issued by the Sentencing Commission]; |
| (6) | the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and |
| (7) | the need to provide restitution to any victims of the offense. |

In *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005), the Second Circuit explained that district courts should now engage in a three-step sentencing procedure in light of *Booker*. First, the court must determine the applicable Guidelines range, and in so doing, "the sentencing judge will be entitled to find all of the facts that the Guidelines make relevant to the determination of a Guidelines sentence and all of the facts relevant to the determination of a non-Guidelines sentence." *United States* v. *Crosby*, 397 F.3d at 112.[1] Second, the court should consider whether a departure from that Guidelines range is appropriate. *Crosby*, 397 F.3d at 112. Third, the court must consider the Guidelines range, "along with all of the factors listed in section 3553(a)" and determine the sentence to impose. *Id.* at 113. A failure to consider the

---

[1] Moreover, these findings are to be made based on a preponderance of the evidence. *See United States* v. *Gonzalez*, 407 F.3d 118, 125 (2d Cir. 2005) (holding that a district court is to "resolve disputed facts by a preponderance of the evidence when arriving at a Guidelines sentence"); *see also McReynolds* v. *United States*, 397 F.3d 479, 481 (7th Cir. 2005) (explaining that following *Booker*, "decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the Sixth Amendment so long as the guideline system has some flexibility in application").

Guidelines range and to instead simply select a sentence without such consideration is error. *Id.* at 115.

In *United States* v. *Trupin*, 475 F.3d 71 (2d Cir. 2007), the Second Circuit reversed a sentence that was 34 months, or 80%, below the Guidelines range of 41 to 51 months' imprisonment following the defendant's conviction for tax evasion. The Second Circuit explained when in general it has found sentences to be unreasonable: "We have held sentences to be unreasonable when unjustified reliance is placed on one section 3553(a) factor, when a sentence reflects general policy disagreement with the Guidelines, or when a sentence is based on a consideration not included in section 3553(a)." *Id.* at 74-75. In *Trupin*, the Court of Appeals found that the District Court gave unreasonable consideration to the defendant's age of 69 years old, that the defendant was the sole care provider for his elderly wife, that it was unlikely that the defendant would continue to engage in criminal conduct in light of his age, and that a 7 month sentence did not appropriately reflect the seriousness of an offense that occurred over six years and accounted for over six million dollars in unreported income. *Id.* at 75-76.

**B.      The Sentencing Range Under the Guidelines is 30 to 36 Months**

The parties agree that the Sentencing Guidelines range for both defendants is 30 to 36 months, calculated as follows: a base offense level of 8, because the defendants pled guilty to a conspiracy to commit insider trading and three substantive counts of insider trading; an increase of 14 levels because the gain resulting from the offense exceeded $400,000; and a 3-level reduction for acceptance of responsibility. Neither Mr. Chen nor Ms. Wang have any prior criminal history and thus they are in Criminal History Category I.

C.      **The Factors Set Forth in Section 3553(a)**

    1.      **The Nature and Circumstances of the Offense and the Defendant's History**

As reflected in the pre-sentencing reports, and as admitted by both defendants during their plea allocutions, Ms. Wang stole material, nonpublic information from Morgan Stanley and its clients, provided that information to her husband Mr. Chen, and they traded in an account opened in Ms. Wang's mother's name based on that material, nonpublic information. Ms. Wang and Mr. Chen both accepted responsibility and gave full allocutions during their guilty pleas regarding the nature of their illegal conduct. As Your Honor knows from this and other cases, insider trading is a serious crime. It undermines the faith and confidence of the public in the fairness of our stock exchange system. Employees at Morgan Stanley and throughout the securities industry are provided with frequent training on the seriousness and illegality of insider trading. The motive of insider trading crimes is simply to make more money and to do so in an unfair and illegal manner. Both defendants took advantage of their education, their positions, and their access to information without considering the consequences for themselves, their families, and others.

    2.      **The Need for the Sentence Imposed to:**

        a.      **Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense**

This factor is important. The crimes of conspiracy to commit insider trading and insider trading are serious. Your Honor's sentences in this case should promote respect for the law by these defendants and by other people. The sentences should send the proper message to those in the community who are similarly situated and have access to material, nonpublic

5

information. The consequences for committing these crimes are and should be serious.

      **b.**      **Afford Adequate Deterrence**

This factor is important. Your Honor's sentence should deter Ms. Wang and Mr. Chen from committing further crimes in the future, and other individuals who are in the securities industry and have access to material, nonpublic information.

      **c.**      **Protect the Public from Further Crimes of the Defendant**

In light of the fact that both defendants resigned from their respective positions during the course of investigations by their employers and the Philadelphia Office of the Securities and Exchange Commission ("SEC"), the defendants are presently no longer in a position to trade on the basis of material, nonpublic information.

      **d.**      **Provide Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effect Manner**

Both defendants are highly educated and intelligent. They have advanced degrees and skills. A term of imprisonment to deter these defendants and others from committing similar insider trading crimes is appropriate.

    **3.**    **The Kinds of Sentences Available**

This factor is not at issue.

    **4.**    **The Kinds of Sentence and the Sentencing Range Established [in the Sentencing Guidelines]**

As explained above, the Guidelines range for both defendants is 30 to 36 months' imprisonment. The Government notes that Mr. Chen does not dispute that his sentence should be within the Guidelines range, and he asks for a sentence at the low-end of 30 months. Ms. Wang asks for a sentence of probation because of the fact that she and Mr. Chen have a baby together.

Should Your Honor wish to consider imposing staggered sentences whereby Mr. Wang and Ms. Chen serve any terms of imprisonment in a staggered manner so that their baby is not left without a parent, the Government has no objection. In a recent case before the Honorable Kimba M. Wood, Chief Judge Wood staggered sentences for the husband and the wife, who were convicted of conspiracy and substantive charges of mail and wire fraud, so that their baby could be cared for by one parent at all times. *See United States v. Diana Diunov and Boris Shvartsman*, S1 05 Cr. 1668 (KMW).

       5.      **Pertinent Policy Statements [Issued by the Sentencing Commission]**

The policy statements issued by the Sentencing Commission present no basis to change the sentences in this case.

       6.      **The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

This factor is important. The Government asks the Court to consider sentencing Ms. Wang and Mr. Chen as it would similarly situated defendants who commit the crimes of conspiracy to commit insider trading and multiple counts of insider trading facing a Guidelines range of 30 to 36 months.

       7.      **The Need to Provide Restitution to Any Victims of the Offense**

This is not a factor in calculating the sentence.

## CONCLUSION

For all of the foregoing reasons, the Government respectfully asks the Court to impose a sentence within the Guidelines range of 30 to 36 months when imposing a term of imprisonment, notes that the defendant Mr. Chen agrees that a sentence of 30 months' imprisonment is appropriate for his illegal conduct, and suggests that the Court consider imposing staggered terms of imprisonment so that the baby of Ms. Wang and Mr. Chen has at least one parent to care for him.

Dated:     New York, New York
             December 3, 2007

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney


//s// Reed Michael Brodsky
Reed Michael Brodsky
Assistant United States Attorney
(212) 637-2492