# SPEARS & IMES LLP

51 Madison Avenue
New York, NY 10010
tel 212-213-6996
fax 212-213-0849

David Spears
tel 212-213-6991
dspears@spearsimes.com



January 25, 2008

**BY FACSIMILE**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/08

Re: *United States v. Ruopian Chen and Xujia Wang*, 07 CR 730 (CM)

Dear Judge McMahon:

I write on behalf of Driscoll & Redlich, counsel for Ms. Wang, and Spears & Imes LLP, counsel for Mr. Chen. The defendants have reached an agreement in principle with the SEC to settle *SEC v. Wang and Chen*, 07 CV 3715 (AKH) (S.D.N.Y.). Upon completion of the settlement, that proceeding will be dismissed with prejudice and the freeze order covering certain of the defendants' assets will be vacated. We are very close to finalizing settlement documents with the SEC. Accordingly, we are attaching a proposed order modifying the Judgments in the criminal case as they relate to forfeiture and voiding the forfeiture provisions of the plea agreements between the United States Attorney's Office and the defendants.

Under the terms of the settlement, the defendants will pay to the SEC as disgorgement, interest, and penalties an amount that includes the brokerage account covered by the Court's forfeiture order and the defendants' forfeiture agreements with the United States Attorney's Office. However, the defendants cannot enter into any settlement with the SEC so long as the Court's forfeiture order and the forfeiture agreements with the United States Attorney's Office are in existence. In short, the defendants are unwilling to run the risk that they (1) settle with the SEC and agree to pay an amount in disgorgement that includes the amount covered by the forfeiture order and agreements, but (2) then have the forfeiture order or forfeiture agreements enforced against them by the United States Attorney's Office, leaving them with a duplicative obligation to the SEC. While no one expects this to happen, as counsel for the defendants we feel we must take all available steps to ensure that there are no possible problems.

The Honorable Colleen McMahon — 2 —

    The attached proposed order deals with this issue by: (1) modifying the Judgments entered in this case to provide expressly that payment of at least $611,248 (the ordered forfeiture amount) in settlement to the SEC satisfies the defendants' forfeiture obligation in full, (2) making the forfeiture agreements with the United States Attorney's Office null and void upon execution of the settlement agreement by the SEC and the defendants, and (3) prohibiting the United States Attorney's Office from enforcing the forfeiture agreements for a period of 30 days from the date of the issuance of the proposed order so as to give the SEC and the defendants time to finalize and execute the settlement documents.

    Thank you for your attention to this matter.

Respectfully,

*David Spears*

David Spears

(Enclosure)

cc:    AUSA Reed Brodsky (by e-mail)
       Catherine L. Redlich, Esq. (by e-mail)